J-S08004-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROY DUNCAN, | : | |
| | : | |
| Appellant | : | No. 521 EDA 2014 |

Appeal from the Judgment of Sentence January 15, 2014,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0007700-2010

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED FEBRUARY 13, 2015**

Roy Duncan ("Duncan") appeals from the January 15, 2014 judgment of sentence entered by the Delaware County Court of Common Pleas following the revocation of his probation and parole for, inter alia, committing the crime of involuntary deviate sexual intercourse ("IDSI").[1] In so finding, the trial court reviewed the notes of testimony from the preliminary hearing on the IDSI charge.  The charge was ultimately nol prossed because of a violation of Duncan's speedy trial rights pursuant to Rule of Criminal Procedure 600.  On appeal, Duncan asserts that the trial court erred by considering the evidence presented at the preliminary hearing on the IDSI charge.  Duncan's Brief at 6.  According to Duncan, in finding that it could consider this evidence, the trial court's reliance on

---

[1]  18 Pa.C.S.A. § 3123(b).

*Commonwealth v. Castro*, 856 A.2d 178 (Pa. Super. 2004), was misplaced.[2]  Duncan's Brief at 9-10.  The trial court contends that this argument is waived, as Duncan failed to raise it below.  Trial Court Opinion, 6/17/14, at 10-12.

Our review of the record reveals that the trial court is correct.  At the revocation hearing, counsel for Duncan began by stating that in advance of the hearing he had submitted to the trial court the case of *Commonwealth v. Brown*, 469 A.2d 1371 (Pa. 1983),[3] and believed, based on that case, that "the Commonwealth would be estopped [from] introducing [evidence related to the IDSI charge]."  N.T., 1/15/14, at 5.  Counsel went on to state that he reviewed *Castro* that day.  Although counsel's argument is difficult to discern, it appears he concedes that *Castro* is applicable.  Instead of contesting the admissibility of the preliminary hearing transcript, counsel requested that the trial court "give **less weight to the conduct** that stemmed from the [p]reliminary [h]earing than [you would] otherwise if it would have been a conviction [or] some sort of plea, Your Honor."  *Id.* at 6 (emphasis added).

---

[2]  In *Castro*, this Court held the trial court did not err by finding the defendant violated his probation and parole, relying upon evidence that had been suppressed in a separate criminal proceeding, which resulted in the withdrawal of the underlying criminal charges.  *Castro*, 856 A.2d at 182.

[3]  In *Brown*, our Supreme Court held that a trial court could not revoke a defendant's probation/parole based upon evidence that he committed a crime for which he was acquitted in a separate criminal proceeding.  *Brown*, 469 A.2d at 1377-78.

The remainder of the record supports the conclusion that the issue was waived. Upon the trial court agreeing that **Castro** controlled, the Commonwealth requested to enter into evidence the notes of testimony from the preliminary hearing on the IDSI charge. Counsel for Duncan raised no objection, but reiterated his request that the trial court "give it less weight [than] if it was a conviction[.]" ***Id.*** at 9. Duncan did not file any post-sentence motions.

At no point did counsel for Duncan advance the argument before the trial court he now raises on appeal – that nol prossing the charges on Rule 600 grounds is more akin to an acquittal than the withdrawal of charges following the grant of suppression, rendering **Castro** inapposite and **Brown** controlling. Duncan's Brief at 6-12. To the contrary, there is no indication that Duncan ever contested the applicability of **Castro** or asserted that the case differed in any significant respect from the procedural posture present in **Castro**.

The law is well settled that in order to preserve an issue for appellate review, a party must make a timely and specific objection. Pa.R.A.P. 302(a). Failure to do so results in waiver of that issue on appeal. ***Commonwealth v. Parker***, 104 A.3d 17, 29 (Pa. Super. 2014). Our Supreme Court has held that agreement to an issue that the party previously objected to is "in legal effect a deliberate withdrawal of his earlier objection," and cannot subsequently be argued on appeal before this Court.

***Commonwealth v. LaCourt***, 292 A.2d 377, 379 (Pa. 1972).  We therefore find the issue waived.

As we find waived the sole issue raised by Duncan, we dismiss his appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015